IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HELEN GUYON                                    :        JURY TRIAL DEMANDED
2813 S. Camac Street                           :
Philadelphia, PA,                              :        CIVIL ACTION NO. 14-_____
                                               :
and                                            :
                                               :
JUSTIN MIRAGLIA                                :
2813 S. Camac Street                           :
Philadelphia, PA                               :
                        Plaintiffs             :
                                               :
            v.                                 :
                                               :
THE CITY OF PHILADELPHIA,                      :
PO THOMAS LICIARDELLO,                         :
        Badge No.    4383,                      :
PO JOHN SPEISER,                               :
        Badge No.    7169,                      :
PO SPICER,                                      :
        Badge No.    5180,                      :
PO PERRY BETTS,                                 :
        Badge No.    6761,                      :
PO BRIAN REYNOLDS,                             :
        Badge No.    4268,                      :
PO WALKER,                                      :
        Badge No.    6360,                      :
SGT. JOSEPH McCLOSKEY,                          :
        Badge No.    331,                       :
PO LINWOOD NORMAN,                             :
        Badge No. 5214,                         :
1515 Arch Street                               :
Philadelphia, PA,                              :
                        Defendants             :

## COMPLAINT

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action under 42 U.S.C. §1983 seeking redress for the extraordinary

        misconduct of Philadelphia police officers who used improper and unconstitutional

means to subject citizens, including Plaintiffs, to unlawful arrest, detention and

prosecution.  The actions and conduct of the Defendant officers were the result of

policies, practices, customs, and deliberate indifference on the part of Defendant City of

Philadelphia, including the failure to take disciplinary and remedial action against the

defendant officers and other Philadelphia police officers despite documented records of

misconduct and abuses of authority.

### JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. §§1983, 1988 and the United States

Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343(1), (3), (4) and the

aforementioned provisions.  Plaintiffs further invoke the supplemental jurisdiction of this

Court under 28 U.S.C. §1367(a) to adjudicate state law claims.

### PARTIES

3.      Plaintiff Helen Guyon is a resident of the Commonwealth of Pennsylvania and at all

times relevant to this action was in the Eastern District of Pennsylvania.

4.      Plaintiff Justin Miraglia is a resident of the Commonwealth of Pennsylvania and at all

times relevant to this action was in the Eastern District of Pennsylvania.

5.      Defendants Liciardello, Speiser, Spicer, Betts, Reynolds, Walker, McCloskey, and

Norman, ("the defendant officers"), whose names and badge numbers are set forth in the

caption, were at all relevant times police officers for the Philadelphia Police Department

acting under color of state law.

6.      Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania

and owns, operates, manages, directs and controls the Philadelphia Police Department

which employed the individual Defendant officers.

7.      The defendant officers are being sued in their individual capacities.

8.      At all relevant times, all individual defendants were acting in concert and conspiracy and their actions deprived each Plaintiff of his or her constitutional and statutory rights.

9.      At all times relevant to this Complaint, all defendants acted under color of state law.

**FACTUAL ALLEGATIONS**

10.     For more than twenty years, Philadelphia police officers assigned to various narcotics units have engaged in a pattern and practice of searching persons and securing search warrants based on fraud and misrepresentation, the misuse of informants, the improper execution of search warrants, the falsification of evidence, the destruction and theft of personal property, and related misconduct.

11.     The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

12.     On or about July 11, 2011, the Defendant Officers, entered and searched Plaintiffs' home at 1240 Snyder Avenue in Philadelphia, without probable cause or other legal justification.

13.     During the Defendant Officers search of Plaintiffs' property, they fabricated evidence and stole money.

14.     The Defendant Officers fabricated information, reports and documents to conceal their illegal activities, misconduct, lack of probable cause and theft of Plaintiffs' property.

15.     On October 15, 2012, the Defendant Officers stopped Plaintiff Helen Guyon as she was driving in the vicinity of Passyunk and Moore Streets in Philadelphia.

16.    This stop was without probable cause or other legal justification.

17.    The Defendant Officers proceeded to threaten and intimidate Helen Guyon.

18.    The Defendant Officers told Helen Guyon, that if Plaintiffs did not cooperate and assist them, they would make sure that Plaintiffs' young daughter, who suffers from various disabilities, would be taken from them and placed in foster care.

19.    The Defendant Officers physically assaulted Helen Guyon by reaching under her dress, fondling her vagina and threatening to conduct a full penetrating search.

20.    The Defendant Officers summoned Plaintiff Miraglia to the scene, where they threatened him, his wife and his disabled young daughter, in order to silence and intimidate Plaintiffs and with the goal of procuring cooperation from Plaintiff Miraglia.

21.    The Defendant Officers engaged in an ongoing conspiracy to silence and intimidate Plaintiff's from reporting the Defendant Officer's illegal and unconstitutional activity's and actions, through threats and exposing Plaintiff's to allegations of illegal conduct, and implicating them in alleged cooperation against persons involved in criminal activity, or threatening to do so.

22.    The Defendant Officers falsely claimed that each of the Plaintiffs was engaged in criminal conduct.

23.    The Defendant Officers falsely claimed that Plaintiffs were in possession or control of contraband, including controlled substances.

24.    The seizures of Plaintiffs and their property were predicated on falsehoods fabricated by the Defendant Officers.

25.    The seizures of and from Plaintiffs were without probable cause, articulable suspicion or

other constitutionally permissible basis.

26.    Defendant Officers knew or had reason to know of the falsity of the allegations they made
       against Plaintiffs.

27.    The misrepresentations and falsehoods by the Defendant Officers were material to the
       searches and seizures of Plaintiffs.

28.    The actions of the Defendant Officers in fabricating materially false information in order
       to conduct a search or procure the seizure and intimidation of citizens was part of a
       practice and custom of the defendant officers and other officers in the Philadelphia Police
       Department to violate the rights of these persons, including Plaintiffs.

29.    The Defendant Officers disregarded proper police practices regarding the use of search
       warrants and these actions led to the improper conduct in this case.

30.    The Defendant Officers, without cause or justification, caused Plaintiffs to be unlawfully
       detained.

31.    Plaintiffs did not commit any offenses against the laws of the Commonwealth of
       Pennsylvania, the United States or the City of Philadelphia, or engage in any conduct
       which justified the actions of all defendants.

32.    The unlawful detentions were the direct result of all defendants' pattern, practice and
       custom of subjecting citizens such as the Plaintiffs to arrest, prosecution and incarceration
       in the absence of probable cause.

33.    The Defendant Officers acted wilfully, deliberately, maliciously or with reckless
       disregard of the Plaintiffs' constitutional and statutory rights.

34.    As a direct and proximate result of the actions of all Defendants, Plaintiffs were

wrongfully detained.

35. As a direct and proximate result of the actions of all Defendants, Plaintiffs suffered loss of liberty and property.

36. As a direct and proximate result of the actions of all Defendants, Plaintiffs were intimidated and placed in fear.

37. As a direct and proximate result of the actions of all Defendants individually and conspiracy, designed to intimidate and place Plaintiffs in fear, Plaintiffs refrained from exercising their right to seek redress and relief from law enforcement, local and federal officials, or the courts.

38. As a direct and proximate result of the actions of all Defendants, Plaintiffs suffered and continue to suffer physical and psychological harms, pain and suffering, damage to reputation, some or all of which may be permanent, as well as financial losses.

39. All Defendants engaged in the aforesaid conduct for the purpose of violating the Plaintiffs' constitutional rights.

40. The actions and conduct of the defendant officers were caused by a policy, practice and custom of defendant City of Philadelphia of failing, with deliberate indifference, to supervise, monitor, and properly train narcotics officers with respect to (a) their duty to provide only truthful information in support of seizures and arrests, (b) their duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) their duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) their duty to provide accurate and truthful information to

the prosecutor's office, (f) their duty to report and disclose misconduct and illegal actions

of other police officers, and (g) the fabrication of evidence against an accused to justify

their illegal actions and conduct.

41.     Defendant City of Philadelphia has failed to properly discipline the Defendant Officers

and other officers in the Police Department in cases involving violations of rights of

civilians, including cases of improper searches, seizures, arrests, prosecutions, abusive

behavior, property damage and theft, causing the violations in this case.

42.     The above described actions of all of the Defendants caused the violations of the

Plaintiffs' rights under the First, Fourth and Fourteenth Amendments as alleged in this

Complaint.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

43.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

44.     As a direct and proximate result of all Defendants' conduct, committed under color of

state law, Plaintiffs were deprived of the right to be free from unlawful detention,

unlawful search and seizure, the right to be secure in ones' person and property, the right

to freedom of speech and access to the courts, and to due process of law.

45.     As a result, the Plaintiffs each suffered and continue to suffer harm in violation of their

rights under the laws and Constitution of the United States, in particular the First, Fourth

and Fourteenth Amendments, and 42 U.S.C. §1983.

46.     As a direct and proximate result of the acts of all defendants, each Plaintiff sustained

injuries, emotional harm, loss of liberty and financial losses, all to their detriment and

harm.

47.    Defendant City of Philadelphia has encouraged, tolerated, ratified and has been
deliberately indifferent to the following patterns, practices and customs and to the need
for more or different training, supervision, investigation or discipline in the areas of:
Unlawful detentions and unlawful arrests by police officers, including the Defendant
Officers in this case; The proper exercise of police powers, including but not limited to
the use of false information to obtain search warrants, fabrication of evidence, unlawful
arrest, malicious prosecution and unlawful detention; The monitoring of officers whom it
knew or should have known were suffering from emotional and/or psychological
problems that impaired their ability to function as officers; The failure to identify and take
remedial or disciplinary action against police officers who were the subject of prior
civilian or internal complaints of misconduct;  Police officers' use of their status as police
officers to employ the use of unlawful arrest, or to achieve ends not reasonably related to
their police duties;  Police officers' use of their status as police officers to employ the use
of unlawful arrest, invoke the Code of Silence, or to achieve ends not reasonably related
to police duties;  The failure of police officers to follow established policies, procedures,
directives and instructions regarding the securing of search warrants and the use of arrest
powers under such circumstances as presented in this case; The refusal of police officers
to intervene when other officers violate the rights of citizens in their presence;  The
failure to identify and take remedial or disciplinary action against units of officers
assigned to narcotics investigations in light of repeated instances of misconduct over a
period of many years as alleged in this Complaint; and  The refusal of police officers to

report or provide information concerning the misconduct of other police officers, a custom or practice known as the "Code of Silence."

48.     Defendant City of Philadelphia failed to properly train, supervise or discipline officers assigned to narcotics units of the Philadelphia Police Department, including the Defendant Officers in this case, who have engaged over a period of many years in systematic abuses of authority, including but not limited to (a) the duty to provide only truthful information in securing search and arrest warrants, (b) the duty to ensure that relationships and dealings with confidential informants are in accord with Police Department policy and constitutional commands, (c) the duty to disclose exculpatory evidence in criminal cases, (d) their duty not to undertake arrests in the absence of lawful grounds, (e) the duty to provide accurate and truthful information to the prosecutor's office, (f) the duty to report and disclose misconduct and illegal actions of other police officers, (g) the improper execution of search warrants, and in particular prohibitions on searches that go beyond those authorized by the warrant, and/or involve the destruction or theft of property or evidence, and (h) the fabrication of evidence against an accused to justify their illegal actions and conduct.

49.     Defendant City of Philadelphia failed to properly sanction or discipline officers, including the Defendant Officers in this case, who are aware of and conceal and/or aid and abet violations of constitutional rights of individuals by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the Defendant Officers in this case, to violate the rights of citizens such as Plaintiffs.

50.     Defendant City of Philadelphia is deliberately indifferent to the need to train, supervise

Page 8

and discipline police officers, including the Defendant Officers in this case.  The Internal Affairs Division (IAD) of the Philadelphia Police Department (PPD) fails to provide an internal disciplinary mechanism that imposes meaningful disciplinary and remedial actions in the following respects: There are excessive and chronic delays in resolving disciplinary complaints; There is a lack of consistent, rational and meaningful disciplinary and remedial actions; There is a failure to effectively discipline substantial numbers of officers who were found to have engaged in misconduct.  The PPD's internal investigatory process has fallen below accepted practices and is arbitrary and inconsistent; The PPD discipline, as practiced, is incident based rather than progressive. Thus, repeat violators are not being penalized in proportion to the number of violations. The conduct of IAD investigations demonstrates that PPD internal affairs personnel are not adequately trained and supervised in the proper conduct of such investigations; A global analysis of IAD's investigatory procedures indicates a pattern of administrative conduct where the benefit of the doubt is given to the officer rather than the complainant; There are serious deficiencies in the quality of IAD investigations and the validity of the IAD findings and conclusions;  The PPD lacks an effective early warning system to identify, track and monitor "problem" officers. Despite the fact that several of the defendant officers had amassed an exceptionally large number of serious misconduct complaints, the officers stayed well below the radar of an early warning system; Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful disciplinary or remedial actions; Despite numerous prior complaints against several of the defendant officers, the PPD took no meaningful steps to more closely monitor, retrain and

supervise the officers; IAD frequently fails to interview available eyewitnesses to incidents involving citizen complaints of misconduct. The interviews that are conducted by IAD are below acceptable standards of police practice and fail to address key issues in the cases; and  IAD fails to acknowledge the disproportionate and extreme use of force used by police officers in the investigation of citizen complaints and fails to properly categorize the police officers' misconduct in those cases as an impermissible use of force.

51.   Defendants have by the above described actions deprived the Plaintiffs of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION
## SUPPLEMENTAL STATE CLAIMS

52.   Plaintiffs incorporates by reference the preceding paragraphs as if fully set forth herein.

53.   The acts and conduct of the Defendant Officers in this cause of action constitute false arrest/false imprisonment, infliction of emotional distress, outrageous conduct causing emotional distress, defamation, and invasion of privacy – casting in false light, assault and battery, under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, Plaintiffs request the following relief:

a.   Compensatory damages as to all Defendants;

b.   Punitive damages as to the individual Defendants;

c.   Reasonable attorney's fees and costs as to all Defendants;

d.   Such other declaratory and further relief as appears reasonable and just;

and

e.        A jury trial as to each Defendant and as to each count.

By:     ***POPPER & YATVIN***

Howard D. Popper,
and with him,
Alan L. Yatvin
230 S. Broad Street, Suite 503
Philadelphia, PA 19102
(215)546-5700
Fax (215)546-5701
Popper.yatvin@verizon.net

October 14, 2014                          Attorneys for Plaintiffs

Page 11